**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARGIE M. GONZALEZ,

    Plaintiff,

vs.                                               No. Civ. 99-1279 JC/RLP

KENNETH S. APFEL,
**Commissioner of Social Security,**

    **Defendant.**

### MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.      This is an action to review the final decision by the Commissioner of Social Security regarding Plaintiff's entitlement to benefits under Title II and Title XVII of the Social Security Act. The matter presently before the Court is Defendant's Motion to Dismiss.

2.      Defendant argues that Plaintiff's complaint fails to state a claim upon which relief can be granted because it was not timely filed as required by 42 U.S.C. § 405(g). Because matters outside the pleadings have been tendered by both parties and considered by the Court, the Defendant's motion will be converted to one for summary judgment. Fed. R. Civ. P. 12.(b)(6).

3.      On May 13, 1998, an administrative law judge issued a decision denying the Plaintiff's claim for disability insurance benefits and supplemental security income benefits. Plaintiff requested review of this denial. The Appeals Council declined to review the denial, and on August 4, 1999, sent notice of this action to Plaintiff at her home address, and to her non-attorney representative. The Appeals Council's notice informed the Plaintiff that she had sixty days from the receipt of its letter in which

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

to commence a civil action in district court for review of its decision. The notice also informed Plaintiff that receipt would be presumed 5 days after the date stamped on the notice. Accordingly, the last date for timely commencement of suit would have been October 8, 1999.

4. Plaintiff did not commence her civil action by that date. Appended to her memorandum filed in response to Defendant's Motion to Dismiss is a copy of her handwritten letter dated October 9, 1999, addressed "to whom it may concern," requesting a 60 day extension, stating that pain, depression and anxiety had deprived her of being able to find an attorney, and also stating that she had an appointment with an attorney on October 18, 1999. Attached to Defendant's Brief is the Declaration of Olga Kelly, the custodian of Plaintiff's official file. Ms. Kelly states as of December 3, 1999, no requests for extension were contained in the file.

5. Plaintiff met with her attorney on or about October 18, 1999. On November 2, 1999, the attorney filed a notice of representation to the Appeals Council, and requested an extension of time within which to file her federal complaint. Suit was filed the following day, November 3, 1999.

6. The Social Security Act provides in pertinent part that "[a]ny individual, after any final decision of the (Commissioner) . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the (Commissioner) may allow. 42 U.S.C. §405(g). Social Security regulations provide that the Commissioner may extend the time for filing suit if the claimant demonstrates "good cause" in writing to the Appeals Council for the delay. 20 C.F.R. §404.982, 20 C.F.R. §416.1482 The standards the Commissioner uses for determining good cause are set out in 20 C.F.R. §404.911 and 20 C.F.R. §416.1482.

7. The filing requirement of 42 U.S.C. §405(g) is not jurisdictional, but serves as a statute of

limitations, **Bowen v. City of New York**, 476 U.S. 467, 478 (1986), subject to the principle of equitable tolling. **Id.** at 480, 106 S.Ct. at 2030. In most cases, the Commissioner will make the determination whether to extend the 60 day time period within which a claimant may seek judicial review of a denial of benefits. **Id.** That decision may be overruled, however, when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" **Bowen**, 467 U.S. at 480, **quoting Mathews v. Eldridge**, 424 U.S. 319, 330 (1976).

8. Equitable tolling is clearly appropriate where the government has hindered a claimant's attempts to exercise his or her rights by acting in a misleading or clandestine manner. **See, e.g., Bowen**, 476 U.S. at 480-481, 106 S.Ct. at 2030-31; **Turner v. Bowen**, 862 F.2d 708, 710 (8th Cir. 1988); **Wong v. Bowen**, 854 F.2d 630, 631 (2nd Cir. 1988). No such conduct is present in this case.

9. Equitable tolling may be warranted when mental impairment has prevented a claimant from seeking judicial review in a timely manner.

> Where a claimant avers incapacity due to mental impairment during the 60 day period, the district court should permit the claimant to present evidence in support of this claim. If the claimant proves that she was incapacitated for any length of time during the 60-day period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted.

**Canales v. Sullivan**, 936 F.2d 755, 759 (2nd Cir. 1991).

10. The Tenth Circuit had not considered equitable tolling of the limitations period contained in 42 U.S.C. §405(g). It has, however, considered whether mental impairment equitably tolls the ninety-day limitations period for filing harassment claims under Title VII, 42 U.S.C. §2000e-5(f)(1)[2].

---

[2]This limitation period is also non-jurisdictional, and is treated as a statute of limitations subject to equitable tolling. **Biester v. Midwest Health Services, Inc.,** 77 F.3d at 1267.

**Biester v. Midwest Health Services, Inc.**, 77 F.3d 1264, (10th Cir. 1996). In **Biester**, the claimant, who suffered from major depression, failed to file suit within 90 days of the date that a right to sue letter was received by his attorney. Quoting from **Bassett v. Sterling Drug, Inc.,** 578 F.Supp. 1244, 1248 (S.D. Ohio, 1984), the court stated,

> "...equitable tolling for mental incapacity should be limited to 'the objective standard of adjudication or institutionalization . . . [to] protect [ ] defendants against specious allegations of mental incompetence advanced in desperate efforts to save time-barred claims.' "

**Biester v. Midwest Health Services, Inc.**, 777 F.3d at 1268.

The court refused to apply equitable tolling to excuse the claimant's late filing, in part because there was no claim that he had been adjudged incompetent or institutionalized.[3]

11. In this case, Plaintiff has not contended nor has she presented any evidence that her mental impairment resulted in an adjudication of incapacity or that she was institutionalized.[4] In her letter of Oct. 9, 1999, Plaintiff requested an extension of time because she was "in a lot of pain," and had been "laid up with depreciation (sic) and anxiety (which) deprived me of being able to find a lawyer." In his letter of November 2, 1999, her attorney requested an extension stating, "My client suffers from chronic pain and suffers from depression and anxiety making it difficult for her to do anything on her own. She relies on family and friends to help her." Neither representation comes close to

---

[3]The court also noted two additional reasons for declining to apply equitable tolling. The claimant had requested a right to sue notice which hr received and delivered to his attorney, indicating that his mental condition did not rise to the level of mental incapacity contemplated by courts that had applied equitable tolling to the 90-day limitation period of 42 U.S.C. §2000e-5(f)(1). The claimant was represented by counsel throughout the limitations period. **Biester**, 77 F.3d at 1268.

[4]The Court notes that Plaintiff did submit evidence to the court for consideration. She chose, however not to provide any affidavits, either her own or that of a mental health care provider, or any medical records indicating treatment for mental impairment.

providing a basis upon which to apply equitable tolling grounded on mental incapacity. Accordingly, I find that the equities in favor of tolling are not so great that deference to the Commissioner's judgment is inappropriate.

12.     I recommend that the Defendant's motion to dismiss, which the court has construed as a motion for summary judgment, be granted, and that this action be dismissed for failure to state a claim upon which relief can be granted because it was not timely filed.

                                                    **RICHARD L. PUGLISI**
                                                    **UNITED STATES MAGISTRATE JUDGE**